United States District Court
District of South Carolina

| | |
|---|---|
| Eric Washington, #09764-021; ) | C/A No.9:05-2233-HFF-GCK |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Matthew Hamidullah, Warden, Estill Federal Correctional ) | |
| Institution (FCI-Estill); ) | |
| ) | |
| Respondent. ) | |
| ) | |

The Petitioner, Eric Washington (hereafter, the "Petitioner"), is a federal inmate, currently incarcerated at the Estill Federal Correctional Institution (FCI-Estill) in Estill, South Carolina. He seeks relief under Title 28 United States Code Section 2241. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner entered a guilty plea to Cocaine Distribution in USA v. Washington, 4:98-cr-00045-WTM (S.D.Ga. 1998) and was sentenced to a total of 114 months imprisonment, with other terms and conditions. There is no indication that he filed a § 2255 motion. Petitioner challenges the Federal Bureau of Prisons (FBOP) policy on award of "Good Conduct Time" (GCT). Implementing the 28 U.S.C. § 3624(b)("Credit toward service of sentence for satisfactory behavior") under 28 C.F.R. § 523.20, the FBOP adopted Program Statement (PS) 5880.28, under which GCT is computed and credited at the end of each anniversary year.

1

## *PRO SE* PETITION

As a *pro se* Petitioner, Petitioner is entitled to have his pleadings accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which a petitioner could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct a petitioner's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **FAILURE TO PROSECUTE**



Under Houston v. Lack, 487 U.S. 266 (1988), Petitioner commenced this action on July 27, 2005. On August 11, 2005, and again on September 27, 2005, the undersigned issued Orders to Petitioner directing him either to pay the filing fee of Five Dollars ($5.00) or to apply to this Court to proceed *in forma pauperis*. In commencing this action, Petitioner had neither paid the filing fee nor filed an AO-240 Form requesting *in forma pauperis* status. Each Order allowed Petitioner twenty (20) days plus mailing time to respond. To this date, no response has been received by the undersigned.

## **RECOMMENDATION**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

2

Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982); Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

Accordingly, it is recommended that this action be dismissed without prejudice and without requiring the respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the notice on the next page.

George C. Kosko
United States Magistrate Judge

October 24, 2005
Charleston, South Carolina

3

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 835<br>
Charleston, South Carolina 29402

4